FILED

13 NOV 20 AM 9:04

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY __DJS__ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for GSR 2007-AR1, its successors and/or assigns,<br><br>Plaintiff,<br><br>vs.<br><br>ANNETTE M. GREETIS, and Does 1 through X, inclusive,<br><br>Defendants. | CASE NO. 13-CV-02682-BEN (RBB)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION.**<br><br>[Docket Nos. 1, 2] |

Presently before the Court is Defendant Annette M. Greetis' Notice of Removal (Docket No. 1[1]) and Motion for Leave to Proceed *In Forma Pauperis* (IFP) (Docket No. 2). For the reasons stated below, this Court **GRANTS** Defendant's Motion for Leave to Proceed IFP and **REMANDS** this action to the San Diego County Superior Court.

This action is an unlawful detainer action initially filed on December 10, 2012 in San Diego County Superior Court, Central Division, Case. No. 37-2012-00040229-CL-UD-NC. (Notice of Removal, Exh. A (Compl.)). Plaintiff Deutsche Bank National Trust Company asserts it is the owner of real property located at 28750 Canyon Road,

---

[1] Unless explicitly stated otherwise, all references to docket numbers refer to 13-cv-2682. References to documents in related cases will specify the case number.

- 1 -

Valley Center, CA 92082. (*Id.*, Exh. A (Compl. ¶ 1)). Plaintiff alleges it served Defendant with written notice to vacate the property on November 27, 2012, but Defendant failed to vacate the property and continues to fail to vacate the property. (*Id.*, Exh. A (Compl. ¶¶ 6-9).) Plaintiff seeks possession of the property and unpaid rent. (*Id.*, Exh. A (Compl. at 3).)

On September 19, 2013, Defendant filed a Notice of Removal to remove the state case to this Court, and was assigned case number 13-cv-2249. (13-cv-2249, Docket No. 1). On September 24, 2013, this Court issued an order remanding the case to San Diego County Superior Court for lack of subject matter jurisdiction. (13-cv-2249, Docket No. 4). Defendant also filed a separate lawsuit, currently pending before this Court, which contains her federal law claims. (13-cv-2250, Docket No. 1). Defendant has filed a new Notice of Removal with regard to the same state court case, and been assigned case number 13-cv-2682. (Docket No. 1, Exh. A).

**I. Motion for Leave to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

This court has received Defendant's Application to Proceed IFP (Docket No. 2). These statements show that Defendant claims a "take-home" income of $1,336.00, and monthly expenses of $2,051.00. Upon consideration of all the facts asserted, this Court **GRANTS** Defendant's Motion to Proceed IFP.

**II. Remand to State Court for Lack of Subject Matter Jurisdiction**

A. Legal Standard

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447©). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

### B. This Case Cannot be Removed on the Basis of 28 U.S.C. § 1443(1).

Defendant asserts federal court jurisdiction exists pursuant to 28 U.S.C. § 1443(1). (Notice of Removal at ¶ 4). As in the case of her first effort at removal, Defendant's attempt to remove the state case to this Court cannot be supported on this basis.

To invoke this Court's jurisdiction under § 1443(1), a defendant must show, *inter alia*, that the right on which they rely is a "right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." § 1443(1); *State of Ga. v. Rachel*, 384 U.S. 780, 788 (1966). This prong has been interpreted to require that the alleged violation of civil rights arise under "any law providing for specific civil rights stated in terms of *racial* equality." *Rachel*, 384 U.S. at 792 (emphasis added). Petitioners must also assert that state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision that purports to command the state courts to ignore the federal rights. *People of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Rachel*, 384 U.S. at 794-804; *Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966)).

Defendant's Notice of Removal fails to meet the requirements for § 1443(1)

jurisdiction. Defendant asserts violation of the Fourteenth Amendment's Due Process and Equal Protection Clauses. (Notice of Removal at ¶ 4). The Ninth Circuit has held that assertion of rights based upon the broad protections of the Fourteenth Amendment are not within the coverage of § 1443. *Sandoval*, 434 F.2d at 636 (citing *Rachel* 384 U.S. at 788-792; *Greenwood*, 384 U.S. 825); *see also Miller v. Wade*, 420 F.2d 489, 490 (5th Cir. 1969) ("The statute does not authorize removal to protect the broad guarantees of the constitution."). The Supreme Court has stated that broad contentions under the Due Process Clause cannot support a valid claim for removal under § 1443(1) because the guarantee of that clause is "phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *Rachel*, 384 U.S. at 792. Further, the petition for removal does not allege a denial of equal rights based on race. (Notice of Removal). Defendant also fails to offer any assertion that state courts will not enforce her rights because of a statute or constitutional provision. *See Sandoval*, 434 F.2d at 636 ("Nor can appellants point to any enactment of California state law that supports the inference that what rights they have will not be heard fully and fairly in the courts of that state.").

### C. The Case Cannot be Removed Because the Amount in Controversy Exceeds the Jurisdiction of California's Limited Civil Courts

Defendant also asserts that the amount in controversy exceeds $75,000, above the jurisdiction of the Limited Civil State Court. (Notice of Removal at ¶ 5). To the extent she disputes the jurisdiction of the limited civil state court, she must address such arguments to the state court.

### D. This Case Cannot be Removed on the Basis of Federal Question Jurisdiction

Defendant also asserts that federal question jurisdiction exists under 28 U.S.C. § 1331. Section 1331 gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Although

13cv2682

Defendant does not clearly state which federal law basis she is asserting, Defendant asserts that the actions of Deutsche Bank will violate her Constitutional rights. (Notice of Removal at ¶¶ 4, 7, 8, 9). Defendant also refers to her federal lawsuit, which asserts a variety of federal claims, including violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Notice of Removal at ¶ 9).

Unlawful detainer actions arise under state law. *See Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914); *Wells Fargo Bank v. Lapeen*, No. C 11-01932, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011). Defendant's reference to constitutional and statutory violations does not provide a basis for removal because they are at best an anticipated defense or potential counterclaim. *See Aurora Loan Servs., LLC v. Montoya*, No. 11-cv-2485, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, No. 10-cv-2108, 2010 WL 480966, at *2-3 (S.D. Cal. Nov. 19, 2010). As in her first effort to remove this matter, Defendant fails to assert a proper basis for federal question jurisdiction.

E. This Case Cannot be Removed on the Basis of Diversity Jurisdiction

Defendant also appears to assert that this Court has diversity subject matter jurisdiction. "Jurisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *see also* 28 U.S.C. § 1332(a). For complete diversity to be present, all plaintiffs must have citizenship different from all defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 n.3 (1996).

Defendant claims the amount in controversy exceeds $75,000, and the parties are diverse. (Notice of Removal at ¶¶ 5-6). Defendant claims that Deutsche Bank operates from and has its headquarters in the state of New York. (*Id.* at ¶6). Defendant does not specifically claim to be a citizen of a particular state. However, it appears to this Court, based on her Valley Center, California address, (Notice of Removal at 1) and the complete absence of any allegations that Defendant has any connection to another state,

that Defendant is asserting that she is a citizen of California. If Plaintiff is a citizen of New York and Defendant is a citizen of California, complete diversity would exist.

However, under 28 U.S.C. § 1441(b)(2), a civil action that is removable solely on the basis of diversity jurisdiction may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. If Defendant is a citizen of California, she may not remove this case from California state court to California federal court on the basis of diversity jurisdiction. *See also Martin v. Snyder*, 148 U.S. 663 (1893) (stating the same in regard to an earlier iteration of the removal statute).

The removing party "always has the burden of establishing that removal was proper." *Gaus*, 980 F.2d at 566; *see also* 28 U.S.C. § 1446(a) (the party seeking removal is required to file "containing a short and plain statement of the grounds for removal"). Dismissal for lack of subject matter jurisdiction is appropriate where the Defendant has failed to assert, much less establish, that she is both diverse from Plaintiff and not a citizen of the state of California. *See Am. Cas. Co. of Reading v. W. Envtl. Consultants, Inc.*, No. 10-cv-2806, 2011 WL 3875891, at *1 (E.D. Cal. Sept. 1, 2011).

This Court lacks subject matter jurisdiction. Accordingly, the Court **REMANDS** this action to the San Diego County Superior Court.

**IT IS SO ORDERED.**

DATED: November ___, 2013

HON. ROGER T. BENITEZ
United States District Court Judge